bUNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PHILIPA QUITO,                                                    Civ. No.: 14-CV-5392 (LG)(JMA)

                                                                 ANSWER

                    Plaintiff,


-against-


AMB MEDICAL SERVICES, P.C. (a/k/a DocCare),
and ALAN BIGMAN,



                    Defendants.
-------------------------------------------------------------------X

        Defendants, AMB Medical Services, P.C. and Alan Bigman, by their attorneys, Zdanis

Law Firm, PLLC, for their Answer to the Complaint, dated September 15, 2014, the "Complaint",

allege as follows:

Dated:  Nanuet, New York
            November 26, 2014


                              **NATURE OF ACTION**


        1.      Deny the allegations contained in paragraph 1 of the Complaint.

        2.      Deny the allegations contained in paragraph 2 of the Complaint, except neither

admit nor deny such allegations to the extent they state Plaintiff's purported purpose in

commencing this action or purport to set forth the legal basis for claims against Defendants.

        3.      Deny the allegations contained in paragraph 3 of the Complaint, except neither

admit nor deny such allegations to the extent they state Plaintiff's purported purpose in

commencing this action or purport to set forth the legal basis for claims against Defendants.

4.     Deny the allegations contained in paragraph 4 of the Complaint, except neither admit nor deny such allegations to the extent they state Plaintiff's purported purpose in commencing this action or purport to set forth the legal basis for claims against Defendants.

**JURISDICTION AND VENUE**

5.     Neither admit or deny the allegations in paragraph 5 to the extent they call for a legal conclusion.

6.     Neither admit or deny the allegations in paragraph 6 to the extent they call for a legal conclusion.

7.     Neither admit or deny the allegations in paragraph 7 to the extent they call for a legal conclusion.

**PARTIES**

8.     Admit that Philipa Quito is an adult individual, and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

9.     Admit the allegations set forth in paragraph 9 of the Complaint.

10.     Admit the allegations set forth in paragraph 10 of the Complaint.

11.     Deny that Defendant Alan Bigman ("Dr. Bigman") was a direct supervisor of Plaintiff; except admit that Dr. Bigman is the Chief Executive Officer of DocCare and is a practicing medical doctor, based at 6655 Freshpond Road, Ridgewood, NY 11385

12.     Deny in the form alleged that Dr. Bigman controlled the work schedule and conditions of employment of Plaintiff, determined the rate and method of payments of Plaintiff, but admit that Dr. Bigman indirectly had control over the hiring and firing of employees at

DocCare and in his official capacity kept at least some records regarding the employment of Plaintiff.

**STATEMENT OF FACTS**

13.    Admit the allegations set forth in paragraph 13 of the Complaint.

14.    Admit the allegations set forth in paragraph 14 of the Complaint.

15.    Deny the allegations set forth in paragraph 15 of the Complaint.

16.    Deny that Plaintiff's principal job was to provide assistance to doctors with surgical procedures, however admit that on occasion Plaintiff may have provided assistance to doctors with surgical procedures.

17.    Deny that Plaintiff's responsibilities as a medical assistant included filling out the psycho analysis evaluation forms for new clients and admit the remainder of the allegations set forth in paragraph 17 of the Complaint.

18.    Deny that Plaintiff was regularly required to work 50 hours per week, except admit that Plaintiff was assigned to work a 40 hour shift each week.

19.    Admit the allegations set forth in paragraph 19 of the Complaint.

20.    Deny the allegations set forth in paragraph 20 of the Complaint.

21.    Deny the allegations set forth in paragraph 21 of the Complaint.

22.    Deny the allegations set forth in paragraph 22 of the Complaint.

23.    Admit that Defendant had a time clock triggered by a fingerprint scan at the Q1 building's reception station, and admit that Plaintiff did at times use the fingerprint scanner, except deny that Plaintiff used this scanner to punch in and out every day she worked, per the corporate Defendant's policies.

24.    Admit the allegations set forth in paragraph 24 of the Complaint.

25. Admit the allegations set forth in paragraph 25 of the Complaint.

26. Admit that Plaintiff on occasion updated her timesheet after the work day ended, except deny knowledge or information sufficient to form a belief as to when Plaintiff actually manually updated her timesheet.

27. Deny that Plaintiff was not paid for the hours she worked at Defendant company, and admit that Plaintiff was generally paid for the hours worked during her scheduled shift and sometimes was paid for holidays that she did not work and had not yet accrued enough paid time off for holidays, yet Defendant corporation inadvertently paid Plaintiff for a few holidays.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations set forth in paragraph 32 of the Complaint.

33. Admit that Plaintiff's supervisor was Vivianna Gonzales, except deny the remainder of the allegations in paragraph 33 of the Complaint.

34. Deny the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations set forth in paragraph 36 of the Complaint.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

39. Admit that Quito and Dawn spoke by telephone on November 15, 2013, but deny the remaining allegations set forth in paragraph 39 of the Complaint.

40.     Admit that Plaintiff told Dawn that she had never smoked at work and was a diligent employee.

41.     Deny the allegations set forth in paragraph 41 of the Complaint.

42.     Deny the allegations set forth in paragraph 42 of the Complaint.

43.     Deny the allegations set forth in paragraph 43 of the Complaint, except admit that Plaintiff did not sign the notice that was provided to Plaintiff.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

44.     Repeat and reallege the responses contained in the foregoing paragraphs.

45.     Admit the allegations set forth in paragraph 45 of the Complaint.

46.     Admit the allegations set forth in paragraph 46 of the Complaint.

47.     Admit the allegations set forth in paragraph 47 of the Complaint.

48.     No response required.

49.     Deny the allegations set forth in paragraph 49 of the Complaint.

50.     Deny the allegations set forth in paragraph 50 of the Complaint.

51.     Deny the allegations set forth in paragraph 51 of the Complaint.

52.     These allegations call for a legal conclusion and therefore no response is required. To the extent a response is required, deny the allegations set forth in paragraph 52 of the Complaint.

53.     These allegations call for a legal conclusion and therefore no response is required. To the extent a response is required, deny the allegations set forth in paragraph 53 of the Complaint.

54.     Deny the allegations set forth in paragraph 54 of the Complaint.

55.     Deny the allegations set forth in paragraph 55 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW**

56.     Repeat and reallege the responses contained in the foregoing paragraphs.

57.     Admit the allegations set forth in paragraph 57 of the Complaint.

58.     Deny the allegations set forth in paragraph 58 of the Complaint.

59.     Deny the allegations set forth in paragraph 59 of the Complaint.

60.     Deny the allegations set forth in paragraph 60 of the Complaint.

61.     Deny the allegations set forth in paragraph 61 of the Complaint.

62.     Deny the allegations set forth in paragraph 62 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

63.     Repeat and reallege the responses contained in the foregoing paragraphs.

64.     Deny that Plaintiff entered into a written employment contract, except admit that

Plaintiff was an employee at will and was paid an hourly wage and overtime wages.

65.     Deny the allegations set forth in paragraph 65 of the Complaint.

66.     Deny the allegations set forth in paragraph 66 of the Complaint.

67.     Deny the allegations set forth in paragraph 67 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
(FLSA – Discrimination and Retaliation)

68.     Repeat and reallege the responses contained in the foregoing paragraphs.

69.     Deny the allegations set forth in paragraph 69 of the Complaint.

70.     Deny the allegations set forth in paragraph 70 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (New York Labor Law - Discrimination and Retaliation)

71. Repeat and reallege the responses contained in the foregoing paragraphs.

72. Deny the allegations set forth in paragraph 72 of the Complaint.

73. This paragraph states a legal conclusion, and therefore no response is required.

74. Admit the allegations set forth in paragraph 74 of the Complaint.

75. Deny the allegations set forth in paragraph 75 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against Defendants for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, by her conduct, has waived any and all claims she may have had against

Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages against Defendants are barred and/or reduced in whole or

in part by Plaintiff's failure to mitigate.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations

### FIFTH AFFIRMATIVE DEFENSE

The complaint is frivolous, filed for improper purpose, and presents factual allegations

that have no evidentiary support.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damage.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred by the doctrines of waiver and estoppel,

unclean hands and/or the entire controversy doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not a proper representative for either a collective or a class action.

## TENTH AFFIRMATIVE DEFENSE

This action is not a proper collective action pursuant to the applicable statute.

WHEREFORE, Defendants demand judgment as follows:

A.      Dismissing the Complaint in its entirety;

B.      Awarding Plaintiff nothing;

C.      Awarding Defendants costs and reasonable attorney's fees and

D.      Awarding Defendants other and further relief as is just and proper

Dated: November 26, 2014                    ZDANIS LAW FIRM, PLLC
                                      BY:   /s/ Karen L. Zdanis
                                            Karen L. Zdanis (KZ3651)
                                            55 Old Turnpike Rd.
                                            Suite 304
                                            Nanuet, New York 10954
                                            Tel: (845) 356-0855
                                            Fax (845) 215-0069
                                            Attorneys for Defendants